■ MERRITT-MERIDIAN CONSTRUCTION CORP., Plaintiff, v ATREUS ENTERPRISES LTD., Also Known as ARTREUS ENTERPRISES LTD., et al., Appellants, LIGHTHOUSE BLUFFS CORP., Respondent, et al., Defendants. (And Other Titles.) [627 NYS2d 576] —In an action to foreclose a mortgage on real property, the defendant Atreus Enterprises Ltd., and additional defendants Robert V. Cimmino and Guy Cocozza appeal from a judgment of the Supreme Court, Orange County (Barone, J.), dated June 10, 1993, which, upon an order granting the motion of the defendant Lighthouse Bluffs Corp., *inter alia,* for partial summary judgment, cancelled the purported revocation of an irrevocable power of attorney. The notice of appeal from the order dated May 18, 1993, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, without costs or disbursements.

The defendants Atreus Enterprises Ltd. (hereinafter Atreus) and Lighthouse Bluffs Corp. (hereinafter Lighthouse) are joint venturers and tenants in common of property located in Esopus, New York. During the course of a bankruptcy proceeding, Atreus purportedly revoked an irrevocable power of attorney which would have enabled Lighthouse to transfer title to the property to itself pursuant to the parties' joint venture agreement. The document itself states that it "is irrevocable" and "shall remain and continue in full force and effect for so long as the Agreement is in effect and/or for so long as Lighthouse has any rights thereunder". Thus, in opposition to Lighthouse's request for partial summary judgment, it became incumbent upon the appellants to show either that the agreement was not in effect or that Lighthouse no longer had any rights under the agreement. We find that the appellants made no such showing. Accordingly, the Supreme Court properly granted summary judgment to Lighthouse cancelling the purported revocation.

We have considered the appellants' remaining contention and find it to be without merit. Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.